STATE OF NEW MEXICO
COUNTY OF CHAVES
FIFTH JUDICIAL DISTRICT COURT

RACHEL SMITH, as next friend and Mother of
SEBASTION TOWLER, ETHAN TOWLER,
And JESSIE TOWLER, and CHARLIE NELMS,
As next friend and mother of NOAH TOWLER-
NELMS and SHERRIE TOWLER
individually, and KRISTINA MARTINEZ
as personal representative of the Estate of
CODY TOWLER,

       Plaintiffs,                               NO. D-504-CV-2014-00513
                                                          JUDGE:

vs.

CITY OF ROSWELL, a New Mexico
Municipality, PHILLIP SMITH, JONATHON KELTON,
JORGE ARROYO-JAMIE and
DYLAN THOMAS individually and as agents
and employees of the City of Roswell.

       Defendants.

## AMENDED COMPLAINT FOR WRONGFUL DEATH AND DAMAGES AND LIABILITY UNDER THE TORT CLAIMS ACT

COME NOW the Plaintiffs by and through their undersigned attorneys of record and hereby state the following:

### PARTIES

1. The Plaintiff, Kristina Martinez, is the Court Appointed Personal Representative of the Estate of Cody Towler. The Court appointment was made by the First Judicial District Court. At all relevant times herein Ms. Martinez has been a resident of Santa Fe, New Mexico. *Exhibit 1.*

2. Rachel Smith is the mother of three minor children of the deceased Cody Towler, namely Sebastian Towler, date of birth November 20, 2001, Ethan Towler, date

1

of birth October 30, 2004, Jessie Towler, date of birth November 12, 2008. At all relevant times herein all are residents of the State of New Mexico.

3. Charlie Nelms is the mother of one minor child of deceased Cody Towler. That child is Noah Towler-Nelms, date of birth June 10, 1999. At all relevant times herein both are residents of the State of New Mexico.

4. Sherrie Towler is the biological mother of the decedent Cody Towler. At all relevant times herein she has been a resident of the State of New Mexico.

5. The Defendant, City of Roswell (hereinafter "Roswell") is a municipality and governmental entity within the state of New Mexico. At all times material to Plaintiffs Complaint the city operated the Roswell Police Department (hereinafter "RPD") a governmental agency. Defendant Roswell and the RPD shall collectively and generally be referred to hereinafter as Defendant Roswell.

6. Defendants Jonathon Kelton, Jorge Arroyo-Jamie and Dylan Thomas (hereinafter Kelton, Arroyo-Jamie, and Thomas) are all joined in their individual capacities. All of these individuals are residents of the state of New Mexico. All of these individuals at all relevant times herein were RPD officers.

7. Upon information and belief, and in connection with the facts and circumstances involved in this matter Defendant Phillip Smith was the Chief of Police for Defendant Roswell, who acted with supervisory authority and policy-making authority over the RPD, and Defendants Kelton, Arroyo-Jamie and Thomas, who were all law enforcement officers employed by Defendant Roswell.

8. At all times material to Plaintiffs complaint, all individual Defendants were acting within the scope of their duties as law enforcement officers and agents of

2

Defendant Roswell under color of New Mexico State Law and within the course of scope of their employment with Defendants Roswell. Other unnamed actors were acting within the scope of their duties as law enforcement officers and agents of Defendant Roswell under color of New Mexico State Law and within the course of scope of their employment with Defendants Roswell, and the Defendants Roswell are responsible for those unnamed actors, as well, who breached the standards of care.

9. Cody Towler was pronounced deceased on or about February 4, 2013.

10. This cause of action arose in New Mexico.

11. Each of the Defendants is jointly and severely responsible for his conduct, and vicariously responsible for one another in their joint enterprise. Each of the Defendants was an agent of the other and is responsible for the conduct of each.

12. Plaintiffs timely and properly served tort claim notices to the Defendants.

## FACTS

13. On or about February 4, 2013, at approximately 2:00 a.m., Cody Towler was in the area of South Union, West Buena Vista Drive and Ridgecrest, in Roswell, New Mexico. There in the neighboring vicinity he was confronted by multiple police officers, at various times, including but not limited to Defendants Kelton, Arroyo-Jaime and Thomas. At the hands of the Defendants, and other RPD officers, Cody Towler was beaten, subjected to multiple, consecutive and sequential Taser deployments, unreasonably subdued, assaulted and battered until dead, without justification and without necessity.

14. At all times material hereto Defendants Kelton, Arroyo-Jaime, Thomas and

3

Smith were public employees as those terms are defined in the New Mexico Torts Claim Act, §§41-4-12 *et. seq.* NMSA 1978. At all times material hereto those Defendants were acting within the scope of their employment.

15. Defendant Roswell is liable under the New Mexico Torts Claim Act for the acts at omissions of its employees Defendants Phillips, Kelton, Arroyo-Jaime, and Thomas, for the negligence, the willful or wanton acts in their capacities as law enforcement and in the operation of assigned tools, weapons, and in training.

16. Additionally, Defendant Roswell and Smith had the duties to sufficiently train and supervise its employees, including in the proper use of force, lack of force, communication, training, record keeping, evidence preserving, emergency response and other interventions at issue in this matter.

17. The acts and omission of all Defendants, and the custom, practice or policy pursuant to which the acts and omissions took place, proximately caused Cody Towler's death and injuries, including extensive pain and suffering.

18. Defendant Roswell, as employer, is vicariously liable for torts committed within the course and scope of the individual Defendants' duties as law enforcement officers.

19. The limit or cap on liability under the New Mexico Torts Claims Act in reference to wrongful death is unconstitutional.

## COUNT I
## NEGLIGENCE

20. Plaintiffs repeat and incorporate all paragraphs cited either above or below this paragraph and incorporate them herein.

21. The risk of injury in this case resulting from the wrongful acts and omissions

4

of the Defendants discussed in other paragraphs is not one that would be acceptable to a reasonably prudent person and was negligent.

22. The individual defendants knew or should have known that their acts and omissions were reckless, willfully and wantonly wrong, negligent and indifferent to the health and well-being of Cody Towler, and that a reasonably prudent law enforcement officer would not so act.

23. The breaches of the standard of care, include, without any implied limitation, the defendants':

- The wrongful apprehension, seizure and arrest of Cody Towler;

- The excessive use of force in the apprehension and arrest of Cody Towler;

- The failure to recognize the circumstances surrounding the apprehension and restraint of Cody Towler, his condition and propensity toward bodily injury, and to failure respond reasonably prudently;

- The failure to timely summon assistance, including emergency medical responders when the circumstances gave rise to an immediate need for same;

- The failure to properly respond to the needs of Mr. Towler after he had been restrained, including failing to avoid positional asphyxiation;

- The wanton and brutal application of repeated, simultaneous, consecutive and excessive TASER device deployments to the body of Cody Towler and, then, the failure to respond after the significant and repeated and excessive uses of force were applied;

- The negligent maintenance and operation of equipment; and,

5

- The manner and means of restraint which was without justification or necessity.

24. The defendants and each of them had a duty to carry out their law enforcement duties and operate their equipment in a manner that would not result in Cody Towler's death or great bodily harm.

25. The defendants and each of them breached that duty, proximately causing the decedent's death and great bodily harm, pain and suffering, loss of enjoyment of life and other damages compensable under the New Mexico Tort Claims Act, §§ 41-4-1 *et. seq.* NMSA 1978, and the New Mexico Wrongful Death Act for Cody Towler's wrongful death.

26. Defendants Roswell and RPD and Phillips failed in their duty to train, equip, supervise, oversee, hire, terminate, manage, correct and quality assure the individual defendants herein, and others involved in the use of force and equipment in the apprehension and arrest of Cody Towler.

27. As a result, the individual defendants, and other agents and employees of the City of Roswell and the RPD, acted or failed to act in a reasonably prudent manner, resulting in the great bodily harm and death of Cody Towler, the decedent.

## COUNT II
## ASSAULT AND BATTERY

28. The Plaintiffs re-allege all paragraphs of this complaint as if restated in this count.

29. Defendants and other agents and employees of the Defendants Roswell unreasonably and unjustifiably and intentionally placed Cody Towler, the decedent, in reasonable fear, apprehension and anticipation that defendants would immediately batter him, and immediately thereafter, defendants did commit harmful and offensive touching of the decedent.

6

30. This battery upon the decedent was unlawful, unjustified and without consent.

31. The likelihood of injury and serious harm as a result could reasonably be expected and was a foreseeable danger.

32. The decedent and the Plaintiffs were injured as a result of the acts and omissions of the defendants.

## COUNT III
## RES IPSA LOQUITUR

33. The Plaintiffs re-allege all paragraphs of this complaint as if restated in this count.

34. The injuries sustained by the decedent, while being apprehended, and while in custody, are not the kind of injury and harm that would occur in the absence of negligence, recklessness or wanton disregard and willful or reckless conduct by a defendant or the defendants.

35. The injuries sustained are the fault of and caused by the defendants and only the defendants, particularly those harms occurring during the process of arrest and while and after Cody Towler was restrained.

## COUNT IV
## SPOLIATION

36. The Plaintiffs re-allege all paragraphs of this complaint as if restated in this count.

37. Defendants intentionally disposed of, destroyed, mutilated, or significantly altered evidence relevant to the apprehension, assault, battery and eventual death of Cody Towler, which evidence is relevant to this lawsuit and prior to the filing of a lawsuit.

38. Defendants knew there was a lawsuit or potential for a lawsuit to be filed in this matter. Defendants disposed of, destroyed, mutilated or significantly altered potential evidence.

39. By its conduct, Defendants' sole intent was to disrupt or defeat a potential lawsuit.

40. The destruction or alteration of the evidence may reasonably result in Plaintiffs inability to prove portions of their case.

41. Plaintiffs suffered damages as a result of the destruction or alteration of evidence by defendants.

## COUNT V
## LOSS OF CONSORTIUM

42. The Plaintiffs re-allege all paragraphs of this complaint as if restated in this count.

43. Sherrie Towler, Cody Towler's mother, resided together with Cody Towler at the time of his death.

44. Sherrie Towler and each child of Cody Towler enjoyed a close family relationship with Cody Towler.

45. Cody Towler provided love, care, guidance, aid, comfort, protection, counseling, as well as emotional, physical and financial support to Sebastion Towler, Ethan Towler, Jessie Towler, Noah Towler-Nelms, and love, care, aid, comfort, protection, counseling, as well as emotional, physical and financial support to Sherrie Towler.

46. As a direct and proximate result of Defendants' acts and failures to act which caused the death of Cody Towler, Sherrie Towler, Sebastion Towler, Ethan Towler, Jessie Towler, Noah Towler-Nelms will continue to suffer the loss of love, care, society, guidance, counseling, support, comfort, aid, protection, family caretaking, and his companionship.

## DAMAGES FOR WRONGFUL DEATH

47. The Plaintiffs re-allege all paragraphs of this complaint as if restated in this count.

48. As a direct and proximate cause of the actions of defendants, Plaintiffs have suffered all damages compensable under law, including that recoverable under the New Mexico Tort Claims and Wrongful Death Acts, and without limitation, the following damages (including both pre-judgment and post-judgment interest on each):

    a. Reasonable expenses of necessary medical care and treatment including counseling;

    b. Funeral and burial expenses;

    c. Pain and suffering and emotional distress of the deceased experienced between the time of encounter, injury, and death;

    d. Lost earnings and earning capacity;

    e. The value of loss of household services;

    f. The value of the life of Cody Towler separate and apart from earning capacity;

    g. The aggravating circumstances attending to the wrongful acts, neglect, or default;

    h. Loss of enjoyment of life;

    i. Loss of consortium with Plaintiffs and the children of Cody Towler;

    j. Assault and battery leading to death.

    k. Emotional distress to the beneficiaries of Cody Towler.

    l. Loss to the beneficiaries of other expected benefits that have a monetary value.

**PUNITIVE DAMAGES FOR WRONGFUL DEATH**

49. The Plaintiffs re-allege all paragraphs of this complaint as if restated in this count.

50. The acts and omissions of the defendants were grossly negligent, reckless, willful, wanton, intentional, conducted with malice and in conscious indifference and disregard of the life and wellbeing of members of the general public of New Mexico, and especially Cody Towler, in that the defendant knew or should have known that all the conditions described above created an unreasonable and dangerous condition. Punitive damages are appropriate both because there exists a cumulative culpable state of mind which must be punished as well as a need to deter future bad acts of defendants and others.

WHEREFORE, Plaintiffs request judgment for all amounts recoverable, including under the Wrongful Death Act, and for all any and all compensatory and punitive damages against the Defendants, costs, pre- and post-judgment interest and other relief the court deems just.

Respectfully submitted,

**LAW OFFICE OF KENNETH G. EGAN**

By: /s/ Kenneth G. Egan
Kenneth G. Egan
1111 E. Lohman Ave.
Las Cruces, NM 88001
(575) 523-2222

-and-

**JOEL T. NEWTON, P.A.**
Joel T. Newton, Esq.
1020 South Main St
Las Cruces, NM 88005
(575) 525-8202
(575) 525-8483 Facsimile

*Attorneys for Plaintiffs*